IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LINDA DENVER** | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 09-cv-00902 RDB |
| v. | * | |
| **THE VERIZON CLAIMS REVIEW COMMITTEE, et al.** | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO AND MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL MEMORANDA**

Defendants, the Verizon Claims Review Committee (the "VCRC"), the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan") (collectively, the "Verizon Defendants"), and Metropolitan Life Insurance Company ("MetLife") (collectively, "Defendants"), by and through their undersigned counsel, respectfully oppose and move this Honorable Court to strike Documents 46 ("Supplement to Memorandum in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment") (hereinafter "Plaintiff's Supplemental Opposition") and 47 ("Supplement to Plaintiff's Memorandum in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment") (hereinafter "Plaintiff's Supplemental Memoranda"), and submit the following memorandum in support of their motion.

**I.   INTRODUCTION**

On May 27, 2010, i.e., more than six (6) months after the close of discovery and almost five (5) months after the deadline for filing dispositive motions, Plaintiff filed self-styled "Supplements" to her

Memorandum in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Document 46) and her Memorandum in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Document 47). (Documents 46 and 47 will be referred to collectively as "Plaintiff's Supplemental Memoranda.") Defendants respectfully submit this memorandum both in opposition to Plaintiff's Supplemental Memoranda, and in support of their motion to strike Plaintiff's untimely filings, and does so on the following grounds:

1.  Plaintiff's Supplemental Memoranda are impermissible surreplies, filed without leave of court, and, as such, must be stricken; and

2.  The Summary Plan Description Presented in Plaintiff's Supplemental Memoranda is for a Different Plan than the one at Issue in this Case, and Must be Ignored.

## II. ARGUMENT

**A.  Plaintiff's Supplemental Memoranda were Filed Without Obtaining Leave of Court, and, as such, Must be Stricken.**

The relevant procedural history in this case is as follows:

| | |
|---|---|
| 01/08/10 | Plaintiff's Motion for Summary Judgment |
| 01/08/10 | Defendants' Motion for Summary Judgment |
| 01/21/10 | Plaintiff's Opposition to Defendants' Motion for Summary Judgment |
| 01/25/10 | Defendants' Opposition to Plaintiff's Motion for Summary Judgment |
| 02/09/10 | Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for SJ |
| 02/09/10 | Defendants' Reply to Plaintiff's Opposition to Defendant's Motion for SJ |

In spite of the ample opportunities afforded to Plaintiff to produce evidence and present arguments to this Honorable Court during the months of January and February, 2010, Plaintiff waited until the end of May, 2010 (i.e., over one-half year past the close of discovery and almost five months after the dispositive motions deadline) to argue for the first time that (a) before she started working for

2

her current employer, she contacted her unidentified "benefits coordinator at Bell Atlantic/Verizon and was advised that that (*sic*) working for Dr. Ong on a part-time basis would not interfere with [her] receiving benefits under the Plan" (Documents 46 and 47, Exhibit 1, ¶6); and (b) a Bell Atlantic Benefits Handbook for Associates (Documents 46 and 47, Exhibit 1, Exhibit A) defines "disability" in a manner that makes her eligible for the benefits claimed in the within lawsuit.  As a preliminary matter, the new argument is highly suspect, and, as will be shown below, the new document is wholly irrelevant to this case.  However, even if both were somehow relevant to the present dispute, they must be stricken, since they were presented after the close of discovery and after the period to present argument and evidence in support of dispositive motions in this matter.

In accordance with the Local Rules of this Honorable Court, it is well established that surreply memoranda are not permitted to be filed unless a party first obtains permission to do so.  D. Md. Loc. R. 105(2)(a).  Permission is generally limited to circumstances in which a party would be unable to contest matters presented for the first time in the opposing party's reply.  *Howard Acquisitions LLC v Giannasca New Orleans, Inc.* Civ. No. WDQ-09-2651 (Md. 3-4-2010) (citing *Khoury v. Meserve,* 268 F. Supp. 2d 600, 605 (D. Md. 2003)).  In the instant matter, Plaintiff has not presented any reasons whatsoever why Plaintiff was unable to argue her new evidence previously.  Since the prohibition against surreplies is a bright line rule, and since the Plaintiff has failed to obtain the permission of the Court to submit a surreply, this Court should strike Plaintiff's Supplemental Memoranda for failure to comply with Rule 105(a)(2).  *See, e.g., Whiles v. Allstate Ins. Co.*, No. 3:04cv134AS, slip op. at 4 (N.D. Ind. Sept. 9, 2005) (granting defendant's motion to strike plaintiff's supplemental response after defendant had already filed reply brief to plaintiff's motion in opposition of summary judgment and

plaintiff supplemented her response without leave of the court).

Additionally, supplemental memoranda are typically granted only after a significant event has occurred after the initial motion. In *Wachovia Bank v. Anderson Construction, LLC*, no. AW-08-3088 (Md., Dec. 30, 2009), defendants sought to supplement their original pleadings as well as add additional cross-claims. In denying the motion to supplement pleadings, the court noted (1) FRCP 15 is "not intended for bringing new cross claims based on newly discovered information, but rather allows 'supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented", and (2) defendants had brought this motion months after the close of discovery, "which weighs against allowing claims which would require additional discovery." *Id.* Accordingly, where, as in the instant matter, a plaintiff has submitted supplemental memoranda without a significant event having occurred after the initial motion and where Plaintiff is merely introducing newly discovered information, Plaintiff's Supplemental Memoranda should not be considered by this Court, and Documents 46 and 47 should be stricken.

**B.     The Summary Plan Description Presented in Plaintiff's Supplemental Memoranda is for a Different Plan than the one at Issue in this Case, and Must be Ignored.**

In Plaintiff's Supplemental Memoranda, Plaintiff goes to great lengths to point to language from a document which purports to be a summary of a Bell Atlantic long term disability plan which Plaintiff alleges was in effect in 1994. This document is a portion of the summary plan description which intends to summarize long term disability benefits offered to non-salaried employees pursuant to the terms and conditions of the long term disability plan sponsored by the former Bell Atlantic in 1994 for non salaried employees (the "Bell Atlantic Long Term Disability Plan"). *See* Affidavit of Lorraine Grande, attached hereto as Exhibit 1, ¶4. Unfortunately, Plaintiff's lawsuit does not arise out of the Bell Atlantic Long

4

Term Disability Plan, but out of the Bell Atlantic Pension Plan, which is a completely separate and distinct employee benefit plan from the Bell Atlantic Long Term Disability Plan. *Id*., at ¶5.

The Bell Atlantic Pension Plan's definition of "disability" differs from the Bell Atlantic Long Term Disability Plan's definition of "disability". *Id*.  As reflected in the Claims Review Committee denial letter of April 26, 2006, which is contained in the Administrative Record, the Claims Review Committee applied the terms and conditions of the Bell Atlantic Pension Plan in determining Plaintiff's eligibility for disability pension benefits.  Plaintiff's Complaint -- which cites both the correct plan (i.e, the Bell Atlantic *Pension* Plan (*see Document 1, ¶5, emphasis supplied*)) and the correct definition for "disability" under the Bell Atlantic Pension Plan (*see Document 1, ¶11, emphasis supplied*)) – makes it clear that Plaintiff seeks benefits under the Bell Atlantic Pension Plan, and not the recently identified Bell Atlantic Disability Plan.  Plaintiff cannot now seek to alter the plain language of the governing Plan by pointing to the language of a separate and distinct benefit plan that is not even remotely at issue in this case.

## III.   CONCLUSION

For each of the reasons set forth above, as well as those set forth in Defendants' various submissions to this Honorable Court associated with pending dispositive motions, Defendants pray that (a) Plaintiff's Supplemental Memoranda be stricken; (b) that Defendants' Motion for Summary Judgment be granted; (c) that Plaintiff's Motion for Summary Judgment be denied; and (c) for such other and further relief as justice may require.

Dated: June 14, 2010

                                             Respectfully submitted,

                                             _____/s/_____
                                             Douglas W. Desmarais (Bar #5180)
                                             SMITH & DOWNEY, P.A.
                                             One West Penn. Ave., Suite 950
                                             Baltimore, MD 21204
                                             (410) 321-9000

                                             *Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of June, 2010, a copy of the foregoing was served, via the Court's electronic filing system, on:

Lindsay C. Cooper, Esq. (Bar No. 26688)
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street, 10th Floor
Baltimore, Maryland 21201

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　Douglas W. Desmarais