IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA DENVER, | * | |
| Plaintiff | * | Case No. 1:09-CV-00902-RDB |
| v. | * | |
| THE VERIZON CLAIMS REVIEW COMMITTEE, *et al.* | * | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO AND RESPONSE TO MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDA**

NOW COMES Plaintiff, Linda Denver, by her attorneys, Lindsay C. Cooper and Schlachman, Belsky, and Weiner, P.A., and files this Reply to Defendant's Memorandum in Opposition to and Response to Motion to Strike Plaintiff's Supplemental Memoranda and states as follows:[1]

1. Defendant's Motion to Strike Plaintiff's Supplemental Memoranda ("Motion to Strike") is now moot, as Plaintiff has filed a Motion for Leave to File Supplemental Memoranda, pursuant to Fed. R. Civ. P. 15(d) and D. Md. Loc. R. 105(2)(a), contemporaneously with the instant pleading.

2. As to the substantive issues raised in Defendants' Memorandum in Opposition to Plaintiff's Supplemental Memoranda ("Motion in Opposition"), Plaintiff responds as follows:

---

[1] Plaintiff hereby incorporates and adopts all allegations contained in her Motion for Summary Judgment and all other pleadings filed relevant to that Motion and her Opposition to Defendants' Motion for Summary Judgment, as if fully set forth herein.

a. Defendants contend that the Bell Atlantic Benefits Handbook (the "Handbook") is irrelevant in this case for two reasons:  First, Defendants suggest that the Handbook is not new evidence; and second, Defendants contend that the Handbook does not relate to the Plan at issue in this case.

b. As to Defendants' first argument, after the close of discovery and after the last dispositive pleading was filed, Plaintiff, on her own, obtained the Handbook after requesting it from Bell Atlantic/Verizon's Benefits Coordinator.  Despite Plaintiff formally requesting this document and documents like this from Defendants during discovery, they did not produce anything that was outside of their self-selected administrative record.  Plaintiff is without the ability to know if there are any other materials that should be contained in the administrative record, such as the Handbook or another handbook that expressly pertains to the Plan.

c. As to Defendants' second argument, the Handbook is highly relevant to the Plan. The mere existence of the Handbook, regardless of whether it pertains to a disability plan or a pension plan, suggests that people employed by Bell Atlantic/Verizon may still work while receiving plan benefits.  Here, even though Plaintiff's lawsuit is brought under the Bell Atlantic Pension Plan, she was placed on this Plan because she was disabled.  The medical conditions rendering her disabled and qualifying her for benefits under the Plan in 1994 are today much more severe.

d. Through their numerous pleadings filed in this case, Defendants present contrary arguments.  They state that Plaintiff's benefits under the Plan were properly

terminated because she was not disabled. However, they also state that disability has nothing to do with this case because Plaintiff's claims relate to a pension plan and not a disability plan. Defendants further argue that a person's ability to work while receiving benefits from a disability plan has no application to Plaintiff. These arguments make absolutely no sense.

e. The heart of this case is whether Plaintiff was disabled at the time of the unilateral review of her records. The definition of "disability" remains in dispute. Defendants contend that Plaintiff was not disabled because she works, albeit very part-time. Defendants argue that, because of this mere fact, Plaintiff cannot receive benefits under the Plan. Defendants provide no support for this argument because the Plan does not state this and there is no law supporting this.

f. The Plan defines "disability" as "a medically determined condition of total and permanent disability," which is confusing. The Plan continues to state that "disability" occurs when the participant is entitled to sickness disability benefits "under the short-term disability plan maintained by the Participating Company." In essence, Plaintiff will be rendered disabled if her medical condition qualifies as a "disability" as that term is defined under the short-term disability plan. Defendants have no response to Plaintiff's argument that this Court should consider the short-term disability plan's definition of "disability." In fact, the Defendants' failure to produce the short-term disability plan is telling, especially considering the possibility that it may resolve this case and despite the clear conflicts of interest that have come to light.

g. Defendants' inconsistent arguments and the confusion surrounding the definition of "disability" (and whether it includes reference to the ability to work), further evidence Defendants' improper denial of Plaintiff's administrative appeal. Accordingly, Plaintiff's Motion for Summary Judgment should be granted and Defendant's Motion for Summary Judgment should be denied.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

__/s/_____
Lindsay C. Cooper  (Bar #26688)
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
(410) 685-2022
*Attorneys for Plaintiff*

Dated:  July 1, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this Reply to Defendant's Memorandum in Opposition to and Response to Motion to Strike Plaintiff's Supplemental Memoranda, was filed with the United States District Court for the District of Maryland by electronic filing on July 1, 2010. All counsel of record are being served by the Court's electronic filing system or by first-class mail, properly addressed and postage prepaid.

                                                   /s/
                                              Lindsay C. Cooper