**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LINDA DENVER** | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 09-cv-00902 RDB |
| v. | * | |
| **THE VERIZON CLAIMS REVIEW COMMITTEE, et al.** | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDA**

Defendants, the Verizon Claims Review Committee (the "VCRC"), the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan") (collectively, the "Verizon Defendants"), and Metropolitan Life Insurance Company ("MetLife") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum in reply to Plaintiff's opposition to Defendants' Motion to Strike (set forth in Plaintiff's Reply to Defendants' Memorandum in Opposition to and Response to Motion to Strike Plaintiff's Supplemental Memoranda) (hereinafter "Plaintiff's Opposition"). For the reasons set forth below, as well as for the reasons set forth in Defendants' contemporaneously filed in Defendants' Memorandum in Opposition to Plaintiff's Motion to File Supplemental Memoranda (the contents of which are incorporated herein by reference), this Honorable Court should grant Defendants' Motion to Strike Plaintiff's Supplemental Memorandum.

## I. ARGUMENT

Significantly, Plaintiff does not deny in her Opposition that the summary plan description presented in her supplemental memoranda is for a plan (i.e., the Bell Atlantic Long Term Disability Plan) that is different than the one that is before this Honorable Court (i.e., the Bell Atlantic Pension Plan). This admission by silence alone is fatal to Plaintiff's ill-fated efforts to supplement her previously-filed memoranda. Simply stated, a claimant cannot rely on the definition of disability under one type of plan in order to receive benefits under a different plan. "While a court should be hesitant to depart from the written terms of a contract under any circumstances, it is particularly inappropriate in a case involving ERISA, which places great emphasis upon adherence to the written provisions in an employee benefit plan. Plaintiff's theories, though packaged in different wrappers, all would lead to the same result — the written plan would no longer be the benchmark in an action under ERISA." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 56 (4th Cir. 1992). (*See also*, *Lockhart v. UMWA 1974 Pension Trust*, 5 F.3d 74, 78 (4th Cir. 1993) (citing *Callahan v. Rouge Steel Co.,* 941 F.2d 456, 460 (6th Cir. 1991) ("The award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself"").

Plaintiff clearly recognizes that her claim for benefits fails under the terms of the operative Bell Atlantic Pension Plan, and in an attempt to salvage a claim that never should have been filed in the first place, Plaintiff is now looking for refuge from an unrelated plan that is not even at issue in this case.[1]

---

[1] Plaintiff's suggestion that there is "confusion" with respect to the operative Bell Atlantic Pension Plan is entirely unfounded, for reasons set forth in Defendants' memoranda arising out of the Parties' cross motions for summary judgment.

Respectfully, this is a position "too extravagant to be maintained" (*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)), and must be rejected as a matter of law.

## II. CONCLUSION

For the reasons set forth above, as well as those set forth in Defendants' various submissions to this Honorable Court associated with pending dispositive motions, Defendants pray that (a) Plaintiff's Supplemental Memoranda be stricken; (b) Plaintiff's Motion for Leave to File Supplemental Memoranda be denied; (c) that Defendants' Motion for Summary Judgment be granted; (d) that Plaintiff's Motion for Summary Judgment be denied; and (e) for such other and further relief as justice may require.

Dated: July 15, 2010

Respectfully submitted,

_____/s/_____
Douglas W. Desmarais (Bar #5180)
SMITH & DOWNEY, P.A.
One West Penn. Ave., Suite 950
Baltimore, MD 21204
(410) 321-9000

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of June, 2010, a copy of the foregoing was served, via the Court's electronic filing system, on:

Lindsay C. Cooper, Esq. (Bar No. 26688)
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street, 10th Floor
Baltimore, Maryland 21201

*Attorney for Plaintiff*

/s/
Douglas W. Desmarais